IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CARLOS REYNA, as Assignee of JOSE FABELO,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | CIVIL ACTION NO. 1:17-CV-00270 |
| **GLOBAL HAWK INSURANCE COMPANY (RRG)** | § § § § | |
| **Defendant.** | § § | |

**DEFENDANT GLOBAL HAWK INSURANCE COMPANY (RRG)'S
NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and Federal Rule of Civil Procedure 81, Defendant, Global Hawk Insurance Company (RRG) ("Global Hawk" or "Defendant"), hereby removes to this Court the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), Global Hawk sets forth the following "short and plain statement of the grounds for removal."

### A. THE REMOVED CASE

1. The removed case is a civil action filed with the 126th Judicial District Court of Travis County, Texas, on or about February 21, 2017, styled *Carlos Reyna as Assignee of Jose Fabelo v. Global Hawk Insurance Company (RRG)*, Cause No. D-1-GN-000742 ("the State Court Action"). The case arises from an alleged on-the-job injury incurred by Plaintiff Carlos Reyna as Assignee of Jose Fabelo ("Plaintiff" or "Reyna"), during an official inspection by a third party of Plaintiff's tractor-trailer, on or about December 15, 2014.

### B.   DOCUMENTS FROM THE REMOVED ACTION

2. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches the following documents to this Notice of Removal:

(1) All executed process in the case (None);

(2) Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings (Exhibit "A");

(3) All orders signed by the state judge (None);

(4) The docket sheet (Exhibit "B"); and

(5) A list of all counsel of record, including addresses, telephone numbers and parties presented.

### C.   REMOVAL IS TIMELY

3. Plaintiff filed the present civil lawsuit against Defendant in the 126th Judicial District Court of Travis County, Texas, on February 21, 2017. Defendant has not yet been served. In the Original Petition, Plaintiff asserts breach of contract, declaratory judgment and bad faith as causes of action against Defendant.

### D.   VENUE IS PROPER

4. The United States District Court for the Western District of Texas is the proper venue for removal of the State Court Action pursuant to 28 U.S.C. § 1441(a) because the 126th Judicial District Court of Travis County, Texas, is located within the jurisdiction of the United States District Court for the Western District of Texas.

### E.   DIVERSITY OF CITIZENSHIP EXISTS

5. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship

in accordance with 28 U.S.C. §§ 1441 and 1446.

6. As admitted in Plaintiff's Original Petition, Plaintiff "is an individual who resides Austin Texas".  Austin, Texas is located in Travis County, Texas.

7. Defendant is a risk retention group organized pursuant to 15 U.S.C. §3901 formed pursuant to the authority of the state of Vermont and the Vermont Department of Insurance. Global Hawk's principal place of business is in Burlington, Vermont.  Pursuant to 28 U.S.C. § 1332(c)(1), Defendant is a not a citizen of the State of Texas.

8. Because Plaintiff is a resident of the State of Texas and Defendant is not a resident of the State of Texas, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

**F.    THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

9. In the Original Petition, Plaintiff alleges that he is seeking "monetary relief over $1,000,000."[1]

10. In the Original Petition, Plaintiff alleges that he is seeking to recover at least six (6) different categories of damages.  Although Plaintiff does not allege a minimum amount of damages sought, Defendant would show that Plaintiff seeks damages in excess of $1,000,000.

11. In the Petition, Plaintiff alleges that he seeks to monetary relief over $1,000,000 against Defendants in for the following:

    a) Breach of contract;

    b) Declaratory judgment;

    c) Bad Faith Violation of the Texas Insurance Code, including but not limited to the following:;

---

[1] *St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S. Ct. 586, 590-591 (1938); Gaitor Peninsular & Occidental Steamship Co., 287 F.2d 252-255 (5th Cir. 1961).*

      (1)  Misrepresentation regarding the insurance policy and insurer pursuant to Texas Insurance Codes §541.051 and §541.060; and

      (2)  Unfair claim settlement practices pursuant to Texas Insurance Codes §541.061 and §542.003;

   d)  Breach of the common law duty and good faith and fair dealing.

12. In light of Plaintiff's list of damages sought, the Petition, on its face, clearly indicates that Plaintiff seeks to recover damages in excess of $1,000,000.

13. Based on the aforementioned facts, the current state court action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Western District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy will exceed $1,000,000, exclusive of interest and costs.

### G.   FILING OF REMOVAL PAPERS

14. Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the Clerk of the 126th Judicial District Court of Travis County, Texas, in which this action was originally commenced.

### H.   CONCLUSION

15. Defendant, Global Hawk Insurance Company (RRG) hereby removes the above-captioned action from the 126th Judicial District of Travis Count, Texas, and requests that further proceedings be conducted in the United States District Court for the Western District of Texas, Austin Division, as provided by law.

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN, PC**

By:    */s/ Donald A. Waltz*
Lawrence T. Bowman
State Bar No. 00788993
State Bar No.
Donald A. Waltz
State Bar No. 24048061
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas  75201
Phone: 214.777.4200
Fax:  24.777.4299
lbowman@krcl.com
dwaltz@krcl.com

**ATTORNEYS FOR DEFENDANT GLOBAL HAWK INSURANCE COMPANY (RRG)**

**CERTIFICATE OF SERVICE**

I hereby certify that on **28th** day of March, 2017, a true and correct copy of the foregoing was served upon counsel of record via ECF, facsimile and regular US Mail:

Jeff M. Meyerson
Cole E. Gumm
THE MEYERSON LAW FIRM, P.C.
2224 Walsh Tarlton Lane, Suite 120
Austin, Texas  78746
jeffm@meyersonfirm.com
coleg@meyersonfirm.com

*Attorneys for Plaintiff*

     *s/ Donald A. Waltz*
     Donald A. Waltz