2/21/2017 11:08:30 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-17-000742
Ruben Tamez

CAUSE NO. D-1-GN-17-000742 _____

| | | |
|---|---|---|
| CARLOS REYNA, as Assignee of JOSE FABELO, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | TRAVIS COUNTY, TEXAS |
| GLOBAL HAWK INSURANCE, COMPANY (RRG), | § § § | |
| Defendant. | § | DISTRICT COURT No. ___ |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff CARLOS REYNA as Assignee of JOSE FABELO respectfully comes before this Court and asserts the following factual allegations and causes of action against Defendant, GLOBAL HAWK INSURANCE COMPANY (RRG).

### I. DISCOVERY

Plaintiff pleads that discovery in this matter shall be conducted pursuant to TEX. R. CIV. P. 190.3 (Level II).

### II. PARTIES

Plaintiff, Carlos Reyna (d/b/a El Reparto Express), is an individual residing in Austin, Texas.

Defendant, Global Hawk Insurance Company (RRG), is a foreign risk retention group, licensed to sell commercial automobile insurance policies in Texas, with its principal place of business at 2575 Collier Canyon Road, Livermore, CA 94551. Defendant may be served with process through the Texas Commissioner of Insurance, located at the Texas Department of Insurance, 333 Guadalupe, Austin, TX 78701.

**EXHIBIT A**

## III. JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this lawsuit. Plaintiff's claims involve Texas statutory and common law. The amount in controversy is within this Court's jurisdictional limit.

This Court has personal jurisdiction over the parties. Plaintiff is an individual resident of the State of Texas and Defendant is a foreign risk retention group licensed to sell commercial automobile insurance policies in the State of Texas. All parties have sufficient minimum contacts with the State of Texas, and/or have purposefully availed themselves of the laws and markets of the State of Texas, so as to not offend traditional notions of fair play and substantial justice.

This Court is the proper venue to hear this lawsuit pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) and §15.032. The events giving rise to this lawsuit occurred in Travis County, Texas, and Plaintiff and Assignor Jose Fabelo resided in Travis County, Texas at the time this cause of action accrued.

## IV. FACTS

Carlos Reyna (d/b/a El Reparto Express) purchased a commercial automobile insurance policy from Defendant (Policy No.: TXJ114105). The effective dates of this insurance policy were November 11, 2014 to November 11, 2015. The subject insurance policy included coverage for a 2001 Freightliner Tractor, VIN 1FUJAHBD51PH08080 and a 2004 CPS trailer, VIN 5MC1162X4PO04747. A true and correct copy of the subject insurance policy is attached hereto as Exhibit "A".

### The Accident

On December 15, 2014, one of Plaintiff's drivers, Jose Fabelo, delivered one of Plaintiff's tractor-trailers for an official inspection by a third party at 16107 N IH-35 in Pflugerville, Texas. Plaintiff was on site to witness the inspection.

While waiting for the inspection to take place, Plaintiff noticed what appeared to be fluid leaking from underneath the trailer. Curious to find out what was leaking, Plaintiff told Mr. Fabelo that he was going under the truck so that he could take a closer look. Mr. Fabelo heard and understood him. Moments later, the third-party inspector arrived and signaled for Mr. Fabelo to bring the truck forward. Without taking any action to ensure that Plaintiff was clear or to warn Plaintiff, Mr. Fabelo moved the truck forward as directed by the third-party inspector. Mr. Fabelo did not look or otherwise attempt to confirm that Plaintiff was no longer under the vehicle. As a direct and proximate result, both of Plaintiff's legs were run over, causing severe injuries and damages to Plaintiff. Plaintiff submitted a claim to defendant to compensate him for his injuries and medical treatment.

### Defendant's Wrongful Denial of Coverage

On December 17, 2014, counsel for Plaintiff sent to Defendant a letter of representation requesting materials related to the accident and a copy of the commercial automobile insurance policy that Plaintiff had purchased from Defendant. Defendant did not respond. Again, on January 6, 2015, Plaintiff sent that same letter to Defendant. On or about January 20th and January 29th, 2015, counsel for Plaintiff spoke with adjuster for Defendant, Global Hawk Insurance Company (RRG), Jim Collins, regarding Plaintiff's claim and the facts surrounding it. Mr. Collins was provided information as to how the incident occurred, the identity and employee status of the driver, and photographs of the truck. Some two months later, in an April 8, 2015

letter, Defendant responded by denying coverage and setting forth knowingly false and erroneous reasons for its decision. Defendant falsely asserted that three exclusions (Section II – Liability Coverage, B. Exclusions, 3. Workers' Compensation; 4. Employee Indemnification and Employer's Liability; and 5. Fellow Employee) contained in the commercial automobile insurance policy purchased by Plaintiff supported its decision to deny coverage to Plaintiff for the severe injuries he sustained in the subject accident.

Section II – Liability Coverage, B. Exclusions, 3. Workers' Compensation states that Plaintiff's insurance does not apply to: "Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law." Plaintiff advised that Texas does not require its employers to carry workers' compensation insurance.[1] Plaintiff elected not to provide workers' compensation insurance coverage for his employees. Accordingly, any injuries sustained by Plaintiff would not be injuries for which "the insured may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law." Therefore, this exclusion does not apply to Plaintiff's claim.

Defendant also knowingly and falsely asserted that Plaintiff was an "employee" of his own company, and thus, pursuant to Section II – Liability Coverage, B. Exclusions, 4. Employee Indemnification and Employer's Liability, and 5. Fellow Employee, coverage for Plaintiff's claim is precluded.

Section II – Liability Coverage, B. Exclusions, 4. Employee Indemnification and Employer's Liability states that Plaintiff's insurance does not apply to:

> "Bodily injury" to:
> a. An "employee" of the "insured" arising out of and in the course of:

---

[1] *See* Texas Labor Code §406.002.

>    (1) Employment by the "insured"; or
>    (2) Performing the duties related to the conduct of the "insured's" business; or
> b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above,
>
> This Exclusion applies:
> (1) Whether the "insured may be liable as an employer or in any other capacity; and
> (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purpose of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

Section II – Liability Coverage, B. Exclusions, 5. Fellow Employee states that Plaintiff's insurance does not apply to: "'Bodily injury' to any fellow 'employee' arising out of and in the course of the fellow 'employee's' employment or while performing duties related to the conduct of your business."

Defendant then knowingly and erroneously asserted that pursuant to the definitions set forth in 49 C.F.R. § 390.5, of the Motor Carrier Safety Improvement Act of 1999 (49 C.F.R. § 101 et seq.), which govern the meaning of terms used in commercial automobile liability insurance policies, Plaintiff was a statutory "employee" of his own company, and thus, coverage was wrongfully precluded.

49 C.F.R § 390.5 defines employee as

> . . . any individual, **other than an employer**, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an

> independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler. Such term does not include an employee of the United States, any State, any political subdivision of a State, or any agency established under a compact between States and approved by the Congress of the United States who is acting within the course of such employment.

49 CFR 390.5 (emphasis added). Remarkably, Defendant entirely ignored the definition of "employer", which immediately follows the definition of "employee" and states:

> Employer means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it, but such terms does not include the United States, any State, any political subdivision of a State, or an agency established under a compact between States approved by the Congress of the United States.

49 CFR 390.5.

Pursuant to these definitions, Plaintiff is unmistakably an "employer" and therefore, not subject to the employee exclusions upon which Defendant has knowingly, falsely denied coverage to Plaintiff.

On or about April 24, 2015, Plaintiff responded to Defendant's April 8, 2015 letter denying coverage. Therein, Plaintiff stated why Defendant's position is erroneous. Defendant did not reply. On or about May 8, 2015, Plaintiff resent its response to Defendant's letter denying coverage and attached a courtesy copy of Plaintiff's unfiled Original Petition. Again, Defendant did not reply.

### Plaintiff's Personal Injury Lawsuit

In the face of Defendant's April 8, 2015 letter containing its wrongful denial of coverage, and Defendant's failure to acknowledge Plaintiff's response to that letter, including the attached,

unfiled courtesy copy of Plaintiff's Original Petition, Plaintiff moved forward with his claim and filed his Petition. On or about June 20, 2015, Plaintiff sent a filed courtesy copy of Plaintiff's Original Petition to Defendant. Again, Defendant did not reply. On or about June 22, 2015, plaintiff served Jose Fabelo with Plaintiff's Original Petition. Thereafter, on or about July 5, 2015, Plaintiff wrote to Defendant to confirm its receipt of Plaintiff's filed petition as well as the previously sent unfiled courtesy copy. Plaintiff again attached a filed copy of his Original Petition to his July 5, 2015 letter and advised Defendant that he had successfully served Jose Fabelo. Again, Defendant did not reply, and did not assign counsel to defend Mr. Fabelo.

Plaintiff then prosecuted his Petition against Jose Fabelo, who failed to appear and answer Plaintiff's Petition. Accordingly, on November 22, 2016, default judgment was entered against Jose Fabelo in the amount of $1,010,007.21. On or about February 6, 2017, Plaintiff sent to defendant a copy of the Order Granting Plaintiff Carlos Reyna's Motion for Default Judgment along with a courtesy copy of the within pleading.

Jose Fabelo has assigned to Plaintiff his rights to pursue his claim against Defendant for breach of contract, declaratory judgment, bad faith violation of the Texas Insurance Code, and breach of the duty of good faith and fair dealing as set forth herein.

### V. CAUSES OF ACTION

*Count 1*:   **Breach of Contract.**

Plaintiff repeats the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

Plaintiff Fabelo was a third-party beneficiary of the insurance contract. Defendant's conduct constitutes a breach of the insurance contract entered into between Plaintiff and Defendant. Specifically, Defendant's wrongful refusal to provide insurance coverage to Plaintiff

for the December 15, 2014 accident constitutes a breach of Defendant's obligation under the insurance contract it entered into with the Plaintiff. The breach caused damages to the third-party beneficiary Fabelo.

*Count 2:*     **Declaratory Judgment**

Plaintiff repeats the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

Pursuant to Chapter 37 of the TEX. CIV. PRAC. & REM. CODE, Plaintiff requests the court enter judgment declaring that Jose Fabelo was an insured driver under the subject insurance policy, that Plaintiff was not an employee of El Reparto Express, that the Workers' Compensation exclusion does not apply to Plaintiff, that the Employee Indemnification exclusion does not apply to Plaintiff, that the Fellow Employee exclusion does not apply to Plaintiff, that the exclusions as expressed in the subject policy do not apply, that the subject insurance policy covers the claim filed by Plaintiff as a result of the December 15, 2014 accident, and that the subject insurance policy does not provide a basis for the denial of the claim of Plaintiff.

*Count 3:*     **Bad Faith Violation of The Texas Insurance Code.**

Plaintiff repeats the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

Defendant's conduct constitutes violation of the Texas Insurance Code, including, but not limited to, TEX. INS. CODE § 541.051, § 541.060, § 541.061, and § 542.003. Defendant knowingly and falsely asserted that three exclusions (Section II – Liability Coverage, B. Exclusions, 3. Workers' Compensation; 4. Employee Indemnification and Employer's Liability; and 5. Fellow Employee) contained in the commercial automobile insurance policy purchased by Plaintiff supported its decision to deny coverage to Jose Fabelo for the severe injuries Plaintiff

sustained in the subject accident. Even after Plaintiff advised Defendant that its bases for denial of Plaintiff's claims were entirely incorrect and grounded upon its knowingly false statements regarding the scope of coverage required by its own policy of insurance and the laws and regulations of Texas, Defendants did not respond to Plaintiff. Likewise, Defendant did not respond to Plaintiff or provide a defense or coverage after being provided with a filed copy of Plaintiff's Petition and notification that Jose Fabelo had been served. This conduct of Defendant exemplifies the very type of practices prohibited by the Texas Insurance Code.

*Count 4:*   **Breach of The Duty of Good Faith and Fair Dealing.**

Plaintiff repeats the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to its insureds in insurance contracts. Defendant's knowingly false assertions as described above were made in bad faith, with the intention of wrongfully avoiding its obligation to honor the terms of the insurance contract it entered with Plaintiff to the benefit of Fabelo, and constitutes a breach of the duty of good faith and fair dealing.

## VI.   DAMAGES

Plaintiff will demonstrate that all of the aforementioned acts constitute the proximate and/or producing causes of the damages sustained by Plaintiff. These damages are a direct result of Defendant's denial of coverage and knowingly false statements related to Plaintiff's claims, and are in direct violation of the subject insurance policy and the laws of the State of Texas.

For breach of contract, Plaintiff is entitled to recover the benefit of his bargain, which is the amount of his claim, together with attorneys' fees.

For noncompliance with the Texas Insurance Code, Plaintiff is entitled to recover actual damages, which include the loss of the benefits that should have been paid pursuant to the subject insurance policy, mental anguish, court costs, and attorneys' fees.

For Defendant's knowingly false statements to Plaintiff regarding the scope of the coverage required by its own policy of insurance, Plaintiff is entitled to treble damages. TEX. INS. CODE § 541.152.

For noncompliance with the Texas Insurance Code, Plaintiff is entitled to recover the amount of his claim as well as eighteen percent interest per annum on the amount of such claim as damages, together with attorneys' fees. TEX. INS. CODE § 541.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the Defendant's breach of that duty, such as additional costs, economic hardship, exemplary damages, and damages for emotional distress.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

Pursuant to TEX. R. CIV. P. 47(c)(5), Plaintiff seeks monetary relief over $1,000,000.

## VII. CONDITIONS PRECEDENT

All conditions precedent have occurred, were excused or were waived prior to the filing of this suit.

## VIII. REQUESTS FOR DISCLOSURE

Under Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose the information and material described in TEX. R. CIV. P. 194.2 within 50 days of service of this request.

## IX. JURY DEMAND

Plaintiff demands a trial by jury. Plaintiff has deposited with the clerk of court the required fee and has complied with TEX. R. CIV. P. 216.

## X. PRAYER

Plaintiff prays that Defendant be cited according to law to appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendant as requested in their Declaratory Judgment Action, and as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure as to actual damages and treble damages under the Texas Insurance Code as may be found. In addition, Plaintiff requests the award of attorneys' fees for

the preparation and trial, and any appeal of this case, for all costs of Court expended on his behalf, for prejudgment and post-judgment interest as allowed by law, and for any other further relief, either in law or in equity, to which plaintiff may show himself justly entitled.

Respectfully submitted,

THE MEYERSON LAW FIRM, P.C.
2224 Walsh Tarlton Lane, Suite 120
AustinTexas 78746
P: (512) 330-9001 | F: (512) 330-9005
E: jeffm@meyersonfirm.com
   coleg@meyersonfirm.com

By: _____
JEFF M. MEYERSON, TSB No. 00788051
COLE E. GUMM, TSB No. 24088963
Attorneys for Plaintiff